The Honorable Mary Jo Heston
Chapter 7
Hearing Location: Tacoma Federal Courthouse
Union Station, Courtroom H, 1717 Pacific
Avenue, Ste 2100, Tacoma, WA 98402-3233
Hearing Date: October 8, 2019
Hearing Time: 9:00 a.m.
Response Date: October 1, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No.: 19-42748-MJH |
| Whispering Pines TR | Chapter 7 |
| Debtor | MOTION FOR RELIEF FROM STAY AND MEMORANDUM IN SUPPORT THEREOF |

COMES NOW, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Creditor") and moves the Court pursuant to 11 USC §362(d) for an Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the note and deed of trust described below and attached as exhibits to this motion and memorandum.

## I. RELEVANT FACTS

### A. The Property

On or about April 13, 2007, Sarah M. Erickson ("Borrower") executed a note in favor of Countrywide Home Loans, Inc. in the original principal amount of $248,000.00 ("Note"). The debt described by the Note is secured by a deed of trust ("Deed of Trust") properly recorded and creating a lien against property commonly described as 2270 Willeo Rill Rd, Marietta, GA 30062 (the "Property").

Motion for Relief - 1
MH# WA-19-157269

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42748-MJH    Doc 8    Filed 09/11/19    Ent. 09/11/19 10:23:19    Pg. 1 of 5

Creditor is the holder of the Note and thus has standing to enforce the Note pursuant to RCW §62A.3-301. The Deed of Trust was pledged as incident to the Note and thus, as the holder of the Note, Creditor also has the right to enforce the Deed of Trust that follows the note.

Subsequent to the execution of the Note and Deed of Trust, Borrower executed a quit claim deed conveying some interest in the Property to Debtor, who has filed the current petition without the benefit of counsel. It is unclear whether Debtor is organized as a corporation and thus prohibited from filing without counsel.

Upon information and belief, no foreclosure sale date is pending as of the date of this motion.

### B. The Debt

As of September 6, 2019, Debtor is due for the August 1, 2010 payment. The approximate amount owed under the terms of the Note is $429,149.33. This is an approximation of the lien, including principal balance plus accrued interest, late charges, escrow shortages and other fees and costs, as allowed under the terms of the Deed of Trust. This estimate is accurate as of the date provided to counsel for the Creditor and is intended only for the purposes of this motion. This amount cannot be relied upon for any other purposes, including payoff of the secured debt. A complete, date specific and itemized payoff figure may be obtained from Movant upon written request to counsel for Creditor.

### C. The Value of the Property

The tax assessed value of the Property is $353,000.00. The Debtor has not filed any schedules as of the date of drafting.

Motion for Relief - 2
MH# WA-19-157269

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42748-MJH    Doc 8    Filed 09/11/19    Ent. 09/11/19 10:23:19    Pg. 2 of 5

## II. ARGUMENT AND AUTHORITY

### A. Standing

To prosecute a motion for relief from the automatic stay as to enforcement of a note and deed, a movant must establish that it has an interest in the note, either as a holder, or as a party entitled to enforce the note. See *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). In the case at bar, the declaration and exhibits supporting the motion establish that Creditor is the holder of the Note and thus has standing to prosecute the present motion.

### B. Basis for Relief from Stay

Under 11 U.S.C. 362(d)(2), on request of a party in interest, the court shall grant relief from stay if there is no equity in the property and the property is not necessary for an effective reorganization. In the case at bar, after consideration of all liens against the Property including the secured lien of Creditor, the Debtor's claimed exemptions against the Property, and the costs of liquidation that would be associated with any sale of the Property, there is no equity for the estate. Because the Debtor has filed for protection under the liquidation provisions of Chapter 7, there is no reorganization and thus the Property cannot be argued as necessary for an effective reorganization.

Under 11 U.S.C. 362(d)(1), on request of a party in interest, the court shall grant relief from the stay for cause, including the lack of adequate protection of an interest in such property. Adequate protection is lacking where there is an insufficient equity cushion in the subject property. *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984). In the case at bar, considering the value of the Property against the amount owed to Creditor, there is no equity cushion and thus Creditor lacks adequate protection and the stay should be terminated. Further cause may exist in that it appears the conveyance of an interest in Georgia property to a filing business in Georgia may have been in effort to delay enforcement of the note and deed of trust improperly.

//

//

Motion for Relief - 3
MH# WA-19-157269

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42748-MJH    Doc 8    Filed 09/11/19    Ent. 09/11/19 10:23:19    Pg. 3 of 5

## III. RELIEF REQUESTED

For the reasons stated above, Creditor requests:

1. An Order Terminating the Automatic Stay.
2. Alternatively, for an Order requiring adequate protection of Movant's interest in the Property.
3. For such other relief as the Court deems proper.

Dated: September 11, 2019          McCarthy & Holthus, LLP

/s/ Lance E. Olsen
Lance E. Olsen, Esq. WSBA 25130
Michael S. Scott, Esq. WSBA 28501
Attorney for Movant

Motion for Relief - 4
MH# WA-19-157269

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42748-MJH    Doc 8    Filed 09/11/19    Ent. 09/11/19 10:23:19    Pg. 4 of 5

## CERTIFICATE OF SERVICE

On 9/11/2019, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by electronic means through the Court's ECF program:

**TRUSTEE**
Mark D Waldron
Trustee@orlandini-waldron.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Salvador Arroyo
Salvador Arroyo

On 9/11/2019, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Whispering Pines TR, Whispering Pines TR, Centralia, WA 98531

**BORROWER**
Sarah Erickson, 2270 Willeo Rill Rd, Marietta, GA 30062

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh

Certificate of Service - 5
MH#WA-19-157269

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42748-MJH    Doc 8    Filed 09/11/19    Ent. 09/11/19 10:23:19    Pg. 5 of 5